UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| SMITTY'S SUPPLY, INC. | CIVIL ACTION |
| VERSUS | NO. 16-13396 |
| LINDSAY BAKER HEGNA | SECTION "S" (3) |

## ORDER AND REASONS

**IT IS HEREBY ORDERED** that Defendant's Motion for Summary Judgment, or in the alternative, Motion to Stay Smitty's Supply Inc.'s Petition for Declaratory Judgement (Doc. #19) is **DENIED**.[1]

**IT IS FURTHER ORDERED** that Plaintiff's Motion to Strike Inadmissible Summary Judgment Evidence and Objection Thereto (Doc. #21) is **DENIED**.

## BACKGROUND

This matter is before the court on a motion for summary judgment, or alternatively, motion to stay filed by defendant, Lindsay Baker Hegna. Hegna argues that this court should dismiss or stay this action in favor of a nearly identical action she filed against plaintiff herein, Smitty's Supply Inc., in the United States District Court for the Eastern District of Pennsylvania.

Smitty's Supply manufactures and distributes lubricant products. It is incorporated in Louisiana and maintains its principal place of business in Roseland, Louisiana. In October 2014, Smitty's Supply hired Hegna as an Executive Vice President. Hegna also served as President of CAM2 International, L.L.C., a company affiliated with Smitty's Supply. Hegna was a citizen of

---

[1] Hegna argues that this court should stay these proceedings pending the resolution of her action against Smitty's Supply in the United States District Court for the Eastern District of Pennsylvania. Hegna v. Smitty's Supply, Inc., Civil Action No. 16-3613 (E.D. Pa.). The motion to stay has been rendered moot because the Pennsylvania case has been stayed pending the resolution of Hegna's motion for summary judgment. Id. at Doc. #22.

1

Pennsylvania at the time she accepted employment with Smitty's Supply. Hegna claims that she performed some of her work from her home in Pennsylvania. Hegna's father purchased two homes in Louisiana and Hegna used one when she was in Louisiana to work for Smitty's Supply. Hegna claims that she never changed her residence to Louisiana, that she commuted back and forth and that her husband always remained in the family home in Pennsylvania. In March 2016, while she was working from her home in Pennsylvania, Hegna's employment with Smitty's Supply and CAM2 International, L.L.C. was terminated over the telephone.

On June 16, 2016, Hegna's attorney sent correspondence to Smitty's Supply seeking settlement of Hegna's demand for payment of her alleged vested stock interest. In the letter, Hegna alleged that, in July 2014, three Smitty's Supply executives discussed a company incentive plan and vested stock in a company deferred compensation plan. Also in July 2014, Edgar Smith, the owner of Smitty's Supply, informed Hegna that she would receive 5% in the company's Phantom Stock Plan and 5% in the company's SARs Stock Plan that would be fully vested as of January 2014. Hegna further alleged that Smitty's Board of Directors adopted and approved the company stock plans at the December 2014 Board meeting and that Smith "signed off" on the deferred compensation company stock plans. Hegna claimed that her vested interest in the stock plans was included in a list of documents and information about the company's executive compensation plan that was produced during a due diligence process associated with the proposed sale of Smitty's Supply to a foreign company. Hegna claimed that after she was terminated, Chad Tate, a company executive, told her that neither the Phantom Stock Plan nor the SARs Stock Plan were executed. However, Hegna alleged that Smitty's Supply provided documents to the United States Department of Labor Employee Benefits Security Administration demonstrating that the plans were adopted. Hegna claimed that the value of her vested stock in the Phantom Stock Plan and

the SARs Stock Plan is $27,500,000.00, and threatened to sue Smitty's Supply if no resolution was reached concerning payment for her alleged interest in the stock plans.

On July 28, 2016, Smitty's Supply filed the instant suit against Hegna, in the Twenty-First Judicial District Court, Parish of Tangipahoa, State of Louisiana seeking a declaratory judgment regarding the issues surrounding Hegna's claim that she has a vested stock interest. Specifically, Smitty's Supply seeks a judgment declaring that no Phantom Stock Plan or SARs Stock Plan was executed, adopted or implemented by Smitty's Supply during Hegna's employment; nobody was ever identified as a plan participant or in any way included in any Phantom Stock Plan or SARs Stock Plan at any time during Hegna's employment; and, Hegna is not entitled to and has no valid claim for any value of any stock in any Phantom Stock Plan or SARs Stock Plan.

Hegna removed the suit to the United States District Court for the Eastern District of Louisiana alleging diversity subject matter jurisdiction under 28 U.S.C. § 1332. She alleged that Smitty's Supply is a citizen of Louisiana, she is a citizen of Pennsylvania, and that the amount in controversy is $27,500,000, which is the value she places on the alleged vested stock interest. Thereafter, Smitty's Supply filed a motion to remand arguing that this court did not have diversity subject matter jurisdiction. However, that motion was denied.

Also on July 28, 2016, Hegna sued Smitty's Supply in the United States District Court for the Eastern District of Pennsylvania seeking $27,500,000 for her allegedly vested interest in the Phantom Stock Plan and SARs Stock Plan. Hegna alleges theories of breach of contract and fraudulent and negligent misrepresentation. Smitty's Supply filed a motion to dismiss arguing that it is not subject to personal jurisdiction in Pennsylvania and that the Eastern District of Pennsylvania is an improper venue. Alternatively, Smitty's Supply argued that the Pennsylvania action should be transferred to the United States District Court for the Eastern District of Louisiana.

The Pennsylvania action has been stayed until this court rules on Hegna's motion for summary judgment.

On October 17, 2016, Hegna filed the instant motion for summary judgment, or alternative, motion to stay. Hegna argues that this court should decline to exercise jurisdiction over Smitty's Supply's declaratory judgment action in favor of the action she filed in Pennsylvania. Smitty's Supply argues that this action should proceed because the Pennsylvania action will be dismissed for lack of personal jurisdiction or improper venue and that this court has discretion to consider its declaratory judgment action which can resolve all of the issues between the parties.

**ANALYSIS**

**I.       A District Court's Discretion to Decide Declaratory Judgment Actions**

The federal Declaratory Judgment Act states: "[i]n a case of actual controversy within its jurisdiction, . . . any court of the United States, upon the filing of an appropriate pleading, may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought." 28 U.S.C. § 2201. It gives federal courts the competence to declare rights, but it does not impose a duty to do so. Sherwin-Williams Co. v. Holmes Cnty., 343 F.3d 383, 389 (5th Cir. 2003)  When analyzing whether to decide or dismiss a declaration judgment action, the district court must determine: "(1) whether the declaratory judgment action is justiciable; (2) whether the court has authority to grant declaratory relief; and (3) whether to exercise discretion to decide or dismiss the action." Sherwin-Williams, 343 F.3d at 388 (citing Orix Credit Alliance, Inc. v. Wolfe, 212 F.3d 891, 895 (5th Cir. 2000)).

### A. Justiciability

A declaratory judgment action is justiciable, or "ripe for adjudication only where an 'actual controversy' exists." Orix, 212 F.3d at 896. Generally, there is an actual controversy when "'a substantial controversy of sufficient immediacy and reality [exists] between parties having adverse legal interest.'" Id. (quoting Middle S. Energy, Inc. v. City of New Orleans, 800 F.2d 488, 490 (5th Cir. 1986)). A district court must address on a case-by-case basis whether the facts are sufficiently immediate to establish an actual controversy. Id. (citations omitted).

In this case, there is an actual controversy regarding the existence of the alleged stock plans, and Hegna's right to participate therein if they do exist. The competing complaints establish that the parties have competing interest in this respect. Therefore, the declaratory judgment action is justiciable.

### B. Authority to Grant Relief

A district court lacks authority to consider the merits of a declaratory judgment action when: (1) the defendant in the declaratory judgment action previously filed a lawsuit in the state court; (2) the state court case involved the same issues as those in the federal court declaratory judgment action; and, (3) the district court is prohibited from enjoining the state proceeding under the Anti-Injunction Act, 28 U.S.C. 2283.[2] Sherwin-Williams, 343 F.3d at 388, n.1. "The absence of any of the three factors defeats mandatory abstention, and the district court has broad discretion

---

[2] The Anti-Injunction Act, 28 U.S.C. § 2283 provides: "[a] court of the United States may not grant an injunction to stay proceedings in a State court except as expressly authorized by Act of Congress, or where necessary in aid of its jurisdiction, or to protect or effectuate its judgments."

5

over whether to grant declaratory relief." Sealed v. Sealed, 1994 WL 487245, at *2 (5th Cir. 1994) (citing Torch, Inc. v. LeBlanc, 947 F.2d 193, 194 (5th Cir. 1991)).

There is no pending state court action between the parties. Hegna filed her action against Smitty's Supply in a Pennsylvania federal court. Thus, mandatory abstention is not required.

### C. Exercising Discretion to Decide or Dismiss

A district court has broad discretion over whether to decide or dismiss a declaratory judgment action. Travelers Ins. Co. v. La. Farm Bureau Fed'n, 996 F.2d 774, 778 (5th Cir. 1993). The United States Court of Appeals for the Fifth Circuit has identified six non-exclusive factors for a district court to consider in deciding how to exercise that discretion:

(1) whether there is a pending state action in which all of the matters in controversy may be fully litigated;

(2) whether the plaintiff filed suit in anticipation of a lawsuit filed by the defendant;

(3) whether the plaintiff engaged in forum shopping in bringing the suit;

(4) whether possible inequities in allowing the declaratory plaintiff to gain precedence in time or to change forums exists;

(5) whether the federal court is a convenient forum for the parties and witnesses;

(6) whether retaining the lawsuit would serve the purpose of judicial economy; and

(7) whether the federal court is being called on to construe a state judicial decree involving the same parties and entered by the court before whom the parallel state suit between the same parties is pending.

Sherwin-Williams, 343 F.3d at 388 (quoting St. Paul Ins. Co. v. Trejo, 39 F.3d 585, 590-91 (5th Cir. 1994)).

### 1. Whether there is a pending state action in which all of the matters in controversy may be fully litigated

As discussed above, there is no parallel pending state court action. The lack of a pending parallel state proceeding does not automatically require a district court to decide a declaratory judgment action. Id. at 394. However, "the presentence or absence of a pending parallel state proceeding is an important factor[,]" and "[t]he absence of any pending related state litigation strengthens the argument against dismissal of the federal declaratory judgment action." Id. Because there is no pending parallel state action, this factor weighs strongly against dismissal.

### 2. Whether the plaintiff filed suit in anticipation of a lawsuit filed by the defendant

Smitty's Supply admits that it filed this suit in response to Hegna's June 16, 2016, demand letter, in which Hegna threatened litigation. Thus, this declaratory judgment was anticipatory. However, Smitty's Supply argues that it filed this suit because it had a duty to itself and its shareholders to seek court intervention to determine the validity of Hegna's substantial claim. Hegna argues that Smitty's Supply should have responded to her attorney's letter instead of trying to beat her to court.

The United States Court of Appeals for the Fifth Circuit has stated that "[t]he mere fact that a declaratory judgment action is brought in anticipation of other suits does not require dismissal of the declaratory judgment action by the federal court." Id. at 397. Indeed, a proper purpose of a declaratory judgment action is to allow potential defendants to resolve disputes without waiting to be sued or until the prescriptive period expires. Id.

Although Smitty's Supply filed this declaratory judgment action in anticipation of being sued by Hegna, it did so for the proper purpose of resolving a substantial dispute. Therefore, this factor weighs against dismissal.

### 3. Whether the plaintiff engaged in forum shopping in bringing the suit

Hegna argues that Smitty's Supply filed this action in the Louisiana state court to attempt to achieve a more favorable forum because it knew that she would file her suit in Pennsylvania. Smitty's Supply argues that it was not forum shopping because it is a Louisiana company and Hegna performed work for the company in Louisiana.

Smitty's Supply did not engage in forum shopping by choosing to file its declratory judgment action in Louisiana state court. It is a Louisiana company, and Hegna worked for Smitty's Supply in Louisiana. Further, the events that give rise to Hegna's claims, the alleged creation of the stock plans and her interest therein, occurred in Louisiana. Thus, Louisiana is a natural forum for this action, and this factor weighs against dismissal.

### 4. Whether possible inequities in allowing the declaratory plaintiff to gain precedence in time or to change forums exists

Hegna argues that it would be inequitable for this suit to proceed because this case and her Pennsylvania case involve the same issues of law and fact. She contends that inequities would result if issues are decided in this suit instead of in her first-filed suit. Smitty's Supply argues that Hegna's Pennsylvania suit will be dismissed for lack of personal jurisdiction. Thus, Smitty's Supply's Louisiana suit should proceed.

Hegna and Smitty's Supply filed their actions on the same day. Neither suit has proceeded past initial motions to dismiss. Indeed, the Pennsylvania action is stayed pending the outcome of this motion. Therefore, this factor is neutral.

**5. Whether the federal court is a convenient forum for the parties and witnesses**

Hegna argues that the Louisiana federal court is not a convenient forum for her because she lives in Pennsylvania. Smitty's Supply argues that Hegna chose this forum by removing this case from the Lousiana state court, and that this is a convenient forum for itself and its witnesses.

Smitty's Supply is located in Louisiana and all of the witnesses, other than Hegna, that have information about the alleged stock plans are likely in Louisiana. Hegna is the only party or witness of which the court is aware that is not in Louisiana. Because Louisiana is convenient to Smitty's Supply and most of the witnesses, and is the location of most of the evidence, this factor weighs against dismissal.

**6. Whether retaining the lawsuit would serve the purpose of judicial economy**

This factor is neutral. Although Hegna argues that this litigation is duplicative of her Pennsylvania action, as discussed above, both lawsuits are in their infancy. There is no judicial economy reason to choose one suit over the other when there has been very little progress in either suit.

**7. Whether the federal court is being called on to construe a state judicial decree involving the same parties and entered by the court before whom the parallel state suit between the same parties is pending**

This factor is neutral because there is no state judicial decree.

Of the seven factors, four weigh against dismissal and three are neutral. Because there are no factors weighing in favor of dismissal, the court should exercise its discretion to proceed with this declaratory judgment action.

**II.     Comity**

Hegna argues that as a matter of comity this court should defer to the action she filed in the United States Distirct Court for the Eastern District of Pennsylvania because she claims it was filed a few hours before Smitty's Supply filed its declaratory judgment action. Smitty's Supply argues that its action was filed first.

"[T]he principle of comity requires federal district courts – courts of coordinate jurisdiction and equal rank – to exercise care to avoid interference with each other's affairs." W. Gulf Maritime Ass'n v. ILA Deep Sea Local 24, S. Atl. and Gulf Coast Dist. of the ILA, 751 F.2d 721, 728 (5th Cir. 1985) (citations omitted). Between federal district courts the goal is to "avoid the waste of duplication, to avoid rulings which may trench upon the authority of sister courts, and to avoid piecemeal resolutions of issue that call for a uniform result." Id. at 729 (citations omitted). To that end, a district court may dismiss, stay or transfer "an action where the issues presented can be resolved in an earlier-filed action pending in another district court." Id. (citations omitted). Particularly, "[a] court may . . . in its discretion dismiss a declaratory judgment or injunctive suit if the same issue is pending in ligation elsewhere." Id. (quotations omitted).

The parties dispute whether Hegna's Pennsylvania action or Smitty's Supply's Louisiana action was filed first. The date stamp on Smitty's Supply's petition filed in the Twenty-First Judicial District Court, Parish of Tangipahoa, State of Louisiana states that it was filed at 11:01 a.m. Central Standard Time on June 30, 2016.

Hegna also filed her action in the United States Distirict Court for the Eastern District of Pennsylvania on June 30, 2016, but it was not docketed until July 1, 2016. Hegna argues that her action was filed at 10:12 a.m. Eastern Standard Time, when the court received the complaint that her attorneys sent via Federal Express.[3] Smitty's Supply argues that, based on its attorneys' conversations with personnel in the Eastern District of Pennsylvania Clerk's Office, Hegna's complaint likely was not received until after 5:00 p.m. Eastern Standard Time on June 30, 2016, because complaints received at the end of the day are often processed the next day. The Federal Express tracking information is a better indicator of when the Clerk's Office received Hegna's complaint. Therefore, Hegna's complaint will be considered to have been filed at 10:12 a.m. Eastern Standard Time, two hours prior to Smitty's Supply's filing its petition.

Although Hegna's complaint was technically filed first, comity does not require this court to dismiss, stay or transfer this action in favor of the action pending in Pennsylvania. The time difference in the filings is a mere two hours. As stated above, both of the actions are in their infancy and neither has proceeded past initial motions to dismiss. Indeed, the Pennsylvania action has been stayed pending the resolution of Hegna's motion for summary judgment. Further, Smitty's Supply's motion to dismiss filed in the Pennsylvania action indicates that there are concerns regarding whether that court has jurisdiction to proceed. Therefore, comity is not served

---

[3] Smitty's Supply filed a motion to strike exhibits 7, 8 and 9 to Hegna's motion, which attempt to establish the time of filing of Hegna's complaint. Exhibit 7 is a Federal Express tracking notification. Exhibits 8 and 9 are emails among the attorneys. Smitty's Supply argues that these documents are inadmissible hearsay. Hegna argues that Exhibits 8 and 9 are submitted to establish the time of day that the documents were sent to her counsel, not for the truth of the matters asserted by the attorneys therein. Also, Hegna offered the affidavit of her attorney Tiffanie C. Benfer to authenticate Exhibit 7, the Federal Express tracking document. Because Hegna has authenticated Exhibit 7, and Exhibits 8 and 9 are not inadmissible hearsay, Smitty's Supply's motion to strike (Doc. #21) is DENIED.

by deferring to the Eastern District of Pennsylvania, and this action will proceed. Hegna's motion for summary judgment is DENIED.

## CONCLUSION

**IT IS HEREBY ORDERED** that Defendant's Motion for Summary Judgment, or in the alternative, Motion to Stay Smitty's Supply Inc.'s Petition for Declaratory Judgement (Doc. #19) is **DENIED**.

**IT IS FURTHER ORDERED** that Plaintiff's Motion to Strike Inadmissible Summary Judgment Evidence and Objection Thereto (Doc. #21) is **DENIED**.

New Orleans, Louisiana, this  5th  day of                May               , May, 2017.

*Mary Ann Vial Lemmon*
**MARY ANN VIAL LEMMON**
**UNITED STATES DISTRICT JUDGE**