# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| SMITTY'S SUPPLY, INC. | CIVIL ACTION |
| VERSUS | NO. 16-13396 c/w 17-7191 |
| LINDSAY BAKER HEGNA | SECTION "S" (3) |

## ORDER AND REASONS

**IT IS HEREBY ORDERED** that Smitty's Supply, Inc.'s Motion to for Leave to File Counterclaim in Civil Action No. 17-7191 (Doc. #86) is **GRANTED**.

Rule 15 of the Federal Rules of Civil Procedure provides that the court shall freely give leave to amend the pleadings when justice so requires. Hegna argues that this court should analyze Smitty's motion under Rule 16(b) because Smitty's did not ask for leave to file the counterclaim until after the scheduling order's deadline for amendment of pleadings had passed.[1] Smitty's filed its Counterclaim at 2:51 p.m., on February 9, 2018, which was the scheduling order's deadline for amending the pleadings. Smitty's neglected to file a motion for leave to file the counterclaim. The next Monday, the court informed Smitty's of its error. When Smitty's supplied to the court its motion for leave, the court attached it to the counterclaim, and all of the documents are considered to have been filed by Smitty's on February 9, 2018. Therefore, Rule 16(b) does not apply, and the

---

[1] The United States Court of Appeals for the Fifth Circuit has held that Rule 16(b) governs when proposed amendments to the pleadings are filed after the scheduling order deadline for amendments has expired. Sw. Bell Tel. Co. v. City of El Paso, 346 F.3d 541, 546 (5th Cir. 2003). Rule 16(b)(4) states that "[a] schedule may be modified only for good cause and with the judge's consent." To determine if the movant has established good cause, the court considers: "(1) the explanation for the failure to timely move for leave to amend; (2) the importance of the amendment; (3) potential prejudice in allowing the amendment; and (4) the availability of a continuance to cure such prejudice." Sw. Bell Tel. Co., 346 F.3d at 546 (quotations omitted).

court finds that justice requires allowing the counterclaim to be filed under Rule 15 to ensure that all of the parties' claims against each other are heard in one forum.

**IT IS FURTHER ORDERED** that Lindsay Morgan Hegna's Motion to Strike Smitty's Supply, Inc.'s "Counterclaim" (Doc. #87) is **DENIED** as moot.

Hegna argues that Smitty's counterclaim should be stricken because Smitty's failed to ask for leave and did not identify to which civil action the counterclaim applied. Smitty's filed a motion for leave that clarifies to which civil action the counterclaim applies, rendering moot Hegna's motion to strike.

New Orleans, Louisiana, this 15th day of March, March, 2018.

_____
**MARY ANN VIAL LEMMON**
**UNITED STATES DISTRICT JUDGE**