**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

**SMITTY'S SUPPLY, INC.**

**VERSUS**

**LINDSAY MORGAN HEGNA**

**CIVIL ACTION**

**NO: 16-13396 C/W 17-4711 C/W 17-17-7191**

**SECTION: "S" (3)**

## ORDER AND REASONS

**IT IS HEREBY ORDERED** that Smitty's Supply, Inc.'s ("Smitty's") **Motion for Partial Summary Judgment Regarding Claims of Oral Contract** (Rec. Doc. 225) is **DENIED**.

## BACKGROUND FACTS

Plaintiffs Kelley and Hegna (hereinafter, sometimes collectively "plaintiffs") have filed suit[1] against Smitty's alleging, inter alia, that Smitty's breached an oral employment agreement to establish a Phantom Stock Plan and a Stock Appreciation Rights Plan (collectively, "Stock Plans"), implement the Stock Plans, and designate plaintiffs as participants in the Stock Plans.

Smitty's has filed the instant motion arguing that it is entitled to summary judgment dismissing all claims against it based upon oral contracts. Kelly and Hegna oppose the motion. For the reasons which follow, the court denies the motion.

The gravamen of plaintiffs' breach of contract claims is that Smitty's, through its sole owner, Edgar Smith, III, made an oral promise to create the Stock Plans and name both Kelley and Hegna as participants at a 5% level in each plan, and Smitty's breached its agreement by its

---

[1]The plaintiffs' individual suits have been consolidated in the instant case.

failure to do so.

Smitty's argues that it is entitled to summary judgment dismissing plaintiff's oral contract claims due to the lack of corroborating evidence confirming the alleged oral agreements.

**APPLICABLE LAW**

***Summary Judgment Standard***

Rule 56 of the Federal Rules of Civil Procedure provides that the "court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Granting a motion for summary judgment is proper if the pleadings, depositions, answers to interrogatories, admissions on file, and affidavits filed in support of the motion demonstrate that there is no genuine issue as to any material fact that the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a); Anderson v. Liberty Lobby, Inc., 106 S. Ct. 2505, 2509-10 (1986). The court must find "[a] factual dispute . . . [to be] 'genuine' if the evidence is such that a reasonable jury could return a verdict for the nonmoving party . . . [and a] fact . . . [to be] 'material' if it might affect the outcome of the suit under the governing substantive law." Beck v. Somerset Techs., Inc., 882 F.2d 993, 996 (5th Cir. 1989) (citing Anderson, 106 S. Ct. at 2510).

If the moving party meets the initial burden of establishing that there is no genuine issue, the burden shifts to the non-moving party to produce evidence of the existence of a genuine issue for trial. Celotex Corp. v. Catrett, 106 S. t. 2548, 2552 (1986). The non-movant cannot satisfy the summary judgment burden with conclusory allegations, unsubstantiated assertions, or only a scintilla of evidence. Little v. Liquid Air Corp., 37 F.3d 1069, 1075 (5th Cir. 1994) (en banc). If

the opposing party bears the burden of proof at trial, the moving party does not have to submit evidentiary documents properly to support its motion, but need only point out the absence of evidence supporting the essential elements of the opposing party's case. Saunders v. Michelin Tire Corp., 942 F.2d 299, 301 (5th Cir. 1991).

### *Proof of Contracts*

A party claiming the existence of a contract has the burden of proving that the contract was perfected. La. Civ. Code art. 1831. An oral contract valued in excess of $500 must be proved by at least one witness and other corroborating circumstances. Id. at 1846.

## DISCUSSION

In the present case, Smitty's argues that breach of contract claims are subject to dismissal, because while Kelley and Hegna may each serve as their own witnesses to corroborate the oral promise, there are no other corroborating circumstances that would establish the existence of the oral agreements as required by Louisiana Civil Code article 1846.

The court disagrees. The record reflects numerous facts, disputed and undisputed, which potentially provide corroboration for plaintiffs' contentions that Smith made an oral promise to them to adopt and implement the Stock Plans, and to designate plaintiffs as participants. To cite just a few: the reference in Kelley's e-mail to Smith regarding employment terms to "other incentives...for key employees;"[2] Chad Tate's testimony that he, Hegna and Kelley would participate in a Phantom Stock program;[3] Smith's requirement that Kelley forgo 60% of his

---

[2] Rec. Doc. 294-1, Exh. A-1.

[3] Id., Exh. G, Depo. of Chad Tate, pg. 87:6-13.

agreed upon base salary in exchange for participation in the Stock Plans;[4] the written Stock Plans themselves, whether or not they were ever adopted;[5] Smith and Tate's directive to have Kelley calculate what stock was owed to Hegna when she was terminated in March 2016;[6] and Smith's text message to Hegna acknowledging that he had agreed to provide her stock.[7]

Accordingly, the court finds that issues of material fact remain as to whether Smith, on behalf of Smitty's, made oral promises to Kelley and Hegna that he would establish and implement the Stock Plans naming them as participants. Summary judgment is therefore denied.

New Orleans, Louisiana, this __7th__ day of March, 2019.

_____
**MARY ANN VIAL LEMMON**
**UNITED STATES DISTRICT JUDGE**

---

[4] Id., Exh. A, Kelley Decl., ¶ 10.

[5] Rec. Doc. 230-3 & 230-4.

[6] Rec. Doc. 294-1, Exh. A, Kelley Decl., ¶ 25.

[7] Id., Exh. 17.