# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| SMITTY'S SUPPLY, INC. | CIVIL ACTION |
| VERSUS | NO: 16-13396 C/W 17-4711 C/W 17-17-7191 |
| LINDSAY MORGAN HEGNA | SECTION: "S" (3) |

## ORDER AND REASONS

**IT IS HEREBY ORDERED** that Smitty's Supply, Inc.'s ("Smitty's") **Motion in Limine to Strike Kelley and Hegna's New Claims of Recovery** (Rec. Doc. 313) is **GRANTED**.

## BACKGROUND

Smitty's has filed the instant motion arguing that Kelly and Hegna (hereinafter, sometimes collectively "plaintiffs"[1]) have impermissibly sought to expand the pleadings in this case by arguments contained within their opposition motion to several of Smitty's motions. Specifically, Smitty's contends that while in all of their complaints, amended complaints, and counterclaims, plaintiffs have claimed to be owed 5% of Smitty's Phantom Stock Plan and Stock Appreciation Rights Plan (collectively, the "Stock Plans") in a memorandum filed on January 24, 2019, for the first time, they have added a claim that they are entitled to a 5% in the entire Smitty's company and its affiliates.

Smitty's further contends that the new theory of recovery is not trivial because since the inception of this case, it has proceeded on the basis that plaintiffs' were seeking to recover

---

[1] Plaintiffs' individual suits have been consolidated in the instant case.

amounts owed them under the Stock Plans, and that it would be prejudiced if it had to generate an entirely new defense at this late date.

In contrast, Kelly and Hegna argue that while not mentioning common stock in their complaints and counterclaims, their deposition testimony and breach of contract claims put Smitty's fairly on notice that they sought a 5% ownership interest in Smitty's under the notice pleading standard codified in Federal Rule of Civil Procedure 8.

## DISCUSSION

At the outset, the court notes that it has reviewed every complaint, amended complaint, and counterclaim[2] filed by Kelley and Hegna, and they have never pled they are entitled to or were promised a 5% equity ownership in Smitty's and its related companies. Rather, Kelley and Hegna have always maintained that they were entitled to a 5% interest in the Stock Plans. As reflected in the pleadings, the essence of Kelley and Hegna's breach of contract claims is that Smitty's promised to adopt the Stock Plans and designate them as participants, and failed to do so.

For instance, Hegna alleged that "Pursuant to the oral emplyment contract with the Defendants, Ms. Hegna had a vested interest in the Company's Phantom Stock Plan and SARs

---

[2] On July 28, 2016, Hegna filed her original Complaint against Smitty's. On September 28, 2017, Hegna filed a First Amended Answer, Affirmative Defenses and Counterclaim. On April 16, 2018, Hegna filed a First Amended Answer, Affirmative Defenses, and First Supplemental Counterclaim. On July 3, 2018, Hegna filed an Amended Answer, Affirmative Defenses, and First Amended and Supplemental Counterclaim. On May 4, 2017, Kelley filed his original Complaint against Smitty's. On June 29, 2018, Kelley filed his First Amended Complaint against Smitty's.

Plan."[3] And, "The Defendants' refusal to pay Ms. Hegna the value of her vested stock the Company's Phantom Stock Plan and SARs Plan constitutes a breach of contract."[4] Similarly, Kelley's complaint alleges that "defendant breached its agreements to provide plaintiff with the stock. . . ."[5]

In their January 2019 opposition memorandum, for the first time, Kelly and Hegna made specific allegations that they each claim 5% of the value of Smitty's and its affiliates. The opposition memorandum in question[6] includes the following statements:

> As discussed more fully below, Hegna and Kelley claim that Smith, as a sole shareholder, promised each of them a 5% equity interest in Smitty's and its affiliated companies as a form of incentive compensation. This promise was made before the stock plans were even drafted, and the plans were simply established as one possible method of fulfilling Smith's promise. The promise could also be fulfilled through other means, such as cash bonuses or common stock.
>
> However, Smith told Kelley and Hegna they could not participate in the annual incentive compensation plan because they would each be given a 5% equity interest in the companies as part of their compensation for continuing to work and grow the companies.
>
> Kelley and Hegna continued working for Smitty's for all of 2015 and part of 2016 with the understanding that they were participating in the stock plans that were set up to at least partially fulfill Smith's promise to provide them with a 5% equity interests in the companies.
>
> Hegna and Kelley were each promised a 5% equity interest in the

---

[3] Hegna's Complaint, ¶ 24.

[4] Id. at ¶ 27.

[5] Kelley's Complaint, ¶ 11. "[T]he stock" refers to the future stock incentive plan, i.e., the Stock Plans, which Kelley was actually charged with developing upon his hire.

[6] Rec. Doc. 294.

3

companies as a part of their compensation with Smitty's.

In short, Hegna and Kelley have plenty of evidence corroborating their contention that Smith promised each of them a 5% equity interest in the companies.

## APPLICABLE LAW

Rule 8 of the Federal Rules of Civil Procedure requires that pleadings contain a short and plain statement of the claim showing the pleader is entitled to relief. Fed R. Civ. P. 8(a)(2). "Under the Federal Rules of Civil Procedure's requirement of notice pleading, defendants in all lawsuits must be given notice of the specific claims against them." Anderson v. U.S. Dep't of House. & Urban Dev., 554 F.3d 525, 528 (5th Cir. 2008). While the claimant is not required to plead specific facts, "the complaint must 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Id. (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007)).

"[P]leadings cannot be expanded via an opposition memorandum." Beard v. Wolf, 2014 WL 3687236, at *2 (E.D. La. July 23, 2014); see also, Herster v. Bd. of Supervisors of Louisiana State Univ., 221 F. Supp. 3d 791, 794 (M.D. La. 2016)(disallowing plaintiff's attempt to broaden pleadings through argument in dispositive motions); Matherne v. Cytec Corp., 2002 WL 506816, at *8 (E.D. La. Mar. 28, 2002)(arguments contained in memorandum in opposition to summary judgment but not pled deemed an improper expansion of the pleadings).

## ANALYSIS

The court finds that the pleadings in this matter do not put Smitty's on sufficient notice that plaintiffs are seeking a total, between them, of 10% of the entire company and its affiliates.

4

Moreover, the court credits Smitty's assertions that had it been aware of that, it would have crafted its defense differently. The record herein reflects that the vast majority of discovery and motion practice by Smitty's was directed to adducing evidence concerning the existence or adoption of the Stock Plans, and disposing of issues related to the Stock Plans. As well, it retained experts to address questions regarding deferred compensation and ERISA plans. Smitty's asserts, and the court has no reason to doubt, that had plaintiffs pled a claim for 5% ownership interest in all of Smitty's, Smitty's would have conducted additional discovery and prepared its defense differently. Had plaintiffs pled that the Stock Plans were only a funding mechanism and nothing more, Smitty's would have expanded its focus beyond the Stock Plans, and would have filed a Rule 12(c) Motion or Motion for Summary Judgment against those claims. However, since those claims were never pled, Smitty's did not have an opportunity to challenge them.

While the court is sensitive to plaintiffs' argument that it pled a breach of contract, and the Stock Plans can be viewed as merely one potential measure of damages for that breach (so in a sense no new cause of action has been added) it finds that in this specific case that the difference between what was originally alleged (a claim for 5% interest in the Stock Plans) and what is now claimed (5% interest in the entire company) is so substantial, both substantively and financially, that to allow the expansion sought by Kelley and Hegna would severely prejudice Smitty's. The court also finds that the deposition testimony relied upon by plaintiffs to support their position does not serve as an amendment of their claims.

Tolliver v. Naor, 2001 WL 1360435 (E.D. La. Nov. 5, 2001), presents an analogous case

in which the district judge granted a a motion in limine to strike the plaintiff's new theory of recovery. Tolliver was a products liability case, in which plaintiff had pled and pursued a design defect theory, but shortly before trial argued a claim for mismanufacturing defects which were not previously pled. While the newly argued mismanufacturing defect claims fell within the scope of products liability claims, the court found that they were new theories that involved different elements and implicated widely varying facts. The court granted the motion to strike stating that "the Court finds that this theory comes too late, was never included in any expert report, and is in violation of the Court's scheduling order." Id. at *4.

The amendment deadline for pleadings in this case was July 9, 2018. "[W]hen a party fails to follow the requirements of a pretrial order, the trial court has broad discretion to enforce the order. . . ." Thunderhorse v. Lynaugh, 38 F.3d 570 (5th Cir. 1994)(citations omitted). In this case, the court finds that plaintiffs' attempt to expand the pleadings via their opposition memorandum over six months beyond the pleading deadline comes too late. Accordingly, Smitty's **Motion in Limine** is **GRANTED**. However, Kelley and Hegna are not prohibited from presenting to the jury their theory of breach of the contract in Smitty's failure to implement the Stock Plans.

New Orleans, Louisiana, this ___7th___ day of March, 2019.

**MARY ANN VIAL LEMMON**
**UNITED STATES DISTRICT JUDGE**

6