# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **SMITTY'S SUPPLY, INC.** | **CIVIL ACTION** |
| **VERSUS** | **NO: 16-13396 C/W 17-4711 C/W 17-17-7191** |
| **LINDSAY MORGAN HEGNA** | **SECTION: "S" (3)** |

## ORDER AND REASONS

   **IT IS HEREBY ORDERED** that Smitty's Supply, Inc.'s **Motion for Partial Summary Judgment Regarding Stephen Kelley's Breach of Contract for Maintaining and Using Smitty's Confidential Documents Following his Resignation** (Rec. Doc. 242) is **DENIED**.

   **IT IS FURTHER ORDERED** that Smitty's Supply, Inc.'s **Motion for Partial Summary Judgment Regarding Regarding Lindsey Morgan Hegna's Breach of Contract for Maintaining and Using Smitty's Confidential Documents Following her Termination** (Rec. Doc. 250) is **DENIED**.

   **IT IS FURTHER ORDERED** that Stephen D. Kelley's and Lindsey Morgan Hegna's **Motion for Summary Judgment on Smitty's Supply, Inc.'s Confidentiality Counterclaim** (Rec. Doc. 341) is **GRANTED**.

## BACKGROUND

   Stephen D. Kelley and Lindsey Morgan Hegna are former employees of Smitty's Supply, Inc. ("Smitty's"), a manufacturer and distributor of oils, lubricants, and related products. Kelley worked as Chief Financial Officer from February 2014 through May 2016, and Hegna worked as

Vice President of Sales from July 2014 to March 2016.

Both had signed confidentiality agreements with Smitty's, which survived the termination of their employment. Section One of the Employee Confidentiality Agreement provided in part:

> Confidentiality. The Company will divulge confidential and trade secret information to Employee as a result of his/her employment by the Company, and Employee agrees that the Company is entitled to protect such information from improper use and/or disclosure. Employee will not at any time, whether during employment or after termination of employment, by either party, for whatever reason, reveal to any person or entity any of the trade secrets or valuable confidential information of the Company or of any third party that the Company is under an obligation to keep confidential (the collectively, the "Confidential Information"), except as may be required in the ordinary course of performing his duties as an Employee of the Company.. . . **Employee shall keep secret all Confidential Information and/or other matters entrusted to him/her and shall not use or attempt to use any such Confidential Information in any manner that may injure or cause loss to the Company.** For purposes of this Agreement, **Confidential Information shall not include any information that is or was** (i) already in the public domain (through no fault of Employee or any person acting on behalf of Employee), (ii) already known to Employee prior to his/her employment by the Company, (iii) disclosed to Employee by a third party under no obligation of confidentiality to the Company, or (iv) **required by law or court order to be disclosed,** provided Employee provides the Company with prior written notice of any such disclosure to the extent possible pursuant to any court order or other applicable law. (Emphasis added.)

Following their separation from Smitty's, Hegna and Kelley each filed suit against Smitty's[1] seeking recovery of compensation allegedly owed to them by Smitty's. Subsequently, Smitty's filed identical counterclaims against Hegna and Kelley, alleging that Hegna and Kelley breached their confidentiality agreements by, inter alia, retaining confidential Smitty's documents after their separations from Smitty's, sharing confidential documents in connection with the instant litigation, and in Kelley's case, advising Hegna of her position vis-a-vis certain stock plans (for which Kelley was the administrator and Hegna believed she was a participant),

---

[1]Their individual suits have since been consolidated in the present case.

2

following her termination but prior to his resignation.

In the instant motions, Smitty's seeks summary judgment finding that Kelley and Hegna breached their confidentiality agreements by retaining the confidential documents and using them to prosecute their claims against Smitty's, causing damages to Smitty's by requiring it to defend the instant suits. Kelley and Hegna seek summary judgment dismissing the breach of contract claims, arguing that they did not breach the agreements, and further, that Smitty's has suffered no damages from an alleged breach.

## DISCUSSION

### I.  Summary Judgment Standard

Rule 56 of the Federal Rules of Civil Procedure provides that the "court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."  Granting a motion for summary judgment is proper if the pleadings, depositions, answers to interrogatories, admissions on file, and affidavits filed in support of the motion demonstrate that there is no genuine issue as to any material fact that the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a); Anderson v. Liberty Lobby, Inc., 106 S.Ct. 2505, 2509-10 (1986).  The court must find "[a] factual dispute . . . [to be] 'genuine' if the evidence is such that a reasonable jury could return a verdict for the nonmoving party . . . [and a] fact . . . [to be] 'material' if it might affect the outcome of the suit under the governing substantive law." Beck v. Somerset Techs., Inc., 882 F.2d 993, 996 (5th Cir. 1989) (citing Anderson, 106 S.Ct. at 2510).

If the moving party meets the initial burden of establishing that there is no genuine issue,

the burden shifts to the non-moving party to produce evidence of the existence of a genuine issue for trial. <u>Celotex Corp. v. Catrett</u>, 106 S.Ct. 2548, 2552 (1986). The non-movant cannot satisfy the summary judgment burden with conclusory allegations, unsubstantiated assertions, or only a scintilla of evidence. <u>Little v. Liquid Air Corp.</u>, 37 F.3d 1069, 1075 (5th Cir. 1994) (en banc). If the opposing party bears the burden of proof at trial, the moving party does not have to submit evidentiary documents properly to support its motion, but need only point out the absence of evidence supporting the essential elements of the opposing party's case. <u>Saunders v. Michelin Tire Corp.</u>, 942 F.2d 299, 301 (5th Cir. 1991).

## II. Breach of Contract

A breach of contract claim brought under Louisiana law has three essential elements: "(1) the obligor's undertaking an obligation to perform, (2) the obligor failed to perform the obligation (the breach), and (3) the failure to perform resulted in damages to the obligee." <u>Favrot v. Favrot</u>, 68 So.3d 1099, 1108-09 (La. Ct. App. 2011) (collecting cases). "The plaintiff bears the burden of proof on each element." <u>Id.</u>

## APPLICATION OF FACTS TO LAW

The court pretermits the question of whether a breach of the confidentiality agreements occurred, because it finds that Smitty's cannot, as a matter of law, satisfy the third element required to state a claim for breach of contract: damages flowing from the breach.

The damages alleged by Smitty's are those incurred in defending plaintiffs' claims. Thus, Smitty's would have to establish that absent plaintiffs' post-separation retention of documents (and the provision of information regarding the stock plans by Kelley to Hegna), Kelley and

Hegna would not or could not have pursued the instant litigation. There is simply no such evidence in the record. To the contrary, the litigation was initiated with a race to the courthouse precipitated by Smitty's when it filed a declaratory judgment action against Hegna in Louisiana.

Moreover, the documents that Smitty's complained of would have been forthcoming from them as discovery responses in the normal course of litigation. Also, by its terms, the confidentiality agreement excludes information required by law or court to be disclosed, and in the course of litigation, the documents in question would have been subject to discovery. Accordingly, the court finds as a matter of law that Smitty's cannot prove damages resulting from the alleged breach, and thus has failed to satisfy an essential element of its counterclaims for breach of the confidentiality agreement. Therefore,

**IT IS HEREBY ORDERED** that Smitty's Supply, Inc.'s **Motion for Partial Summary Judgment Regarding Stephen Kelley's Breach of Contract for Maintaining and Using Smitty's Confidential Documents Following his Resignation** (Rec. Doc. 242) is **DENIED**.

**IT IS FURTHER ORDERED** that Smitty's Supply, Inc.'s **Motion for Partial Summary Judgment Regarding Regarding Lindsey Morgan Hegna's Breach of Contract for Maintaining and Using Smitty's Confidential Documents Following her Termination** (Rec. Doc. 250) is **DENIED**.

**IT IS FURTHER ORDERED** that Stephen D. Kelley's and Lindsey Morgan Hegna's **Motion for Summary Judgment on Smitty's Supply, Inc.'s Confidentiality Counterclaim**

(Rec. Doc. 341) is **GRANTED**, and the counterclaims are dismissed.

New Orleans, Louisiana, this ___7th___ day of March, 2019.


**MARY ANN VIAL LEMMON**
**UNITED STATES DISTRICT JUDGE**