# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| SMITTY'S SUPPLY, INC. | CIVIL ACTION |
| VERSUS | NO: 16-13396 C/W 17-4711 C/W 17-7191 |
| LINDSAY MORGAN HEGNA | SECTION: "S" (3) |

## ORDER AND REASONS

**IT IS HEREBY ORDERED** that the **Motion to Dismiss Smitty's Supply, Inc.'s Declaratory Judgment Claim** (Rec. Doc. 244), filed by Lindsay Morgan Hegna, is **GRANTED**, and the declaratory judgment claim is dismissed.

## BACKGROUND

Detailed facts related to this case have been set forth extensively in prior orders of the court, and are hereby incorporated by reference and will not be restated. For purposes of the present motion, the following facts are sufficient.

On June 30, 2016, Smitty's Supply, Inc. ("Smitty's") filed its Petition for Declaratory Judgment in Louisiana state court. In its petition, Smitty's sought

> a judgment declaring that no obligation was created under any contract or agreement between Smitty's and Hegna that obligated Smity's to adopt, establish or fund a Phantom Stock Plan and/or a SARs Stock Plan and include Hegna as a plan participant any such plan prior to the date of the termination Hegna's employment with Smitty's, and that Hegna has to rights to the value of any stock under any such plan. . . ."[1]

---

[1] Smitty's Petition for Decl. Judgment, Rec. Doc. 1-1, ¶ 3.

On the same date, Hegna filed her own lawsuit in federal court in the Eastern District of Pennsylvania. In her Complaint, she alleges, inter alia, that she "entered an oral employment contract with the Defendants," pursuant to which she "had a vested interest in the Company's Phantom Stock Plan and SARs Plan."[2]

Eventually, Smitty's petition was removed to this court,[3] and Hegna's Pennsylvania action was transferred and consolidated with it.[4] Also consolidated was a similar claim filed by another former Smitty's executive.[5] In the instant motion, Hegna seeks to dismiss Smitty's declaratory judgment claim pursuant to Federal Rule 12(c).

## APPLICABLE LAW

*Rule 12(c) Standard*

"The standard for dismissal under Rule 12(c) is the same as that for dismissal for failure to state a claim under Rule 12(b)(6)." Chauvin v. State Farm & Cas. Co., 495 F.3d 232, 237 (5th Cir. 2007). "To survive a Rule 12(b)(6) motion to dismiss, the plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." In re Katrina Canal Breaches Litig., 495 F.3d 191, 205 (5th Cir. 2007) (quoting Bell Atlantic v. Twombly, 127 S. Ct. 1955, 1964-65 & 1973 n.14 (2007)). "Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if

---

[2] Hegna's Complaint, ¶¶ 23-24.

[3] Civil Action 16-13396, Smitty's v. Hegna (now lead case).

[4] Civil Action 17-7191, Hegna v. Smitty's Supply, Inc.

[5] Civil Action 17-4711, Kelley v. Smitty's Supply, Inc.

2

doubtful in fact)." Id. at 1965. The court "must accept all well-pleaded facts as true and view them in the light most favorable to the non-moving party." In re S. Scrap Material Co., LLC, 541 F.3d 584, 587 (5th Cir. 2008). A district court may consider only the contents of the pleading and the attachments thereto. Collins v. Morgan Stanley Dean Witter, 224 F.3d 496, 498 (5th Cir. 2000) (citing FED. R. CIV. P. 12(b)(6)).

*Declaratory Judgment*

The Declaratory Judgment Act provides: "In a case of actual controversy within its jurisdiction, ... any court of the United States, upon the filing of an appropriate pleading, may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought." 28 U.S.C. § 2201(a). The Declaratory Judgment Act is "an authorization, not a command." Pub. Affairs Assocs., Inc. v. Rickover, 369 U.S. 111, 112 (1962); see also, Soc'y of Separationists, Inc. v. Herman, 959 F.2d 1283, 1287 (5th Cir. 1992). Thus, federal courts have wide discretion to grant or deny declaratory judgment. See Wilton v. Seven Falls Co., 515 U.S. 277, 286 (1995). Numerous cases have held that dismissal of declaratory judgment claims is appropriate where they are duplicative of legal claims. See, e.g., Veal v. Wells Fargo Bank. N.A., 2016 WL 6024534, *6 (E.D. La. 10/14/16); Narvaez v. Wilshire Credit Corp., 757 F. Supp. 2d 621, 636 (N.D. Tex. 2010); Kougl v. Xspedius Mgmt. Co. of DFW, LLC., 2005 WL 1421446, at *4 (N.D. Tex. June 1, 2005)(denying as redundant a declaratory judgment claim seeking contract interpretation where this would be resolved as part of breach of contract action); accord, Steele v. Green Tree Servicing, L.L.C., 2010 WL 3565415, at *10 (N.D. Tex. Sept. 7, 2010), aff'd, 453 F. App'x 473 (5th Cir. 2011); Landscape Design and

3

Constr., Inc. v. Transport Leasing/Contract, Inc., 2002 WL 257573, at *11 (N.D. Tex.2002) (dismissing declaratory judgment action that sought resolution of substantive claims that were already basis of lawsuit).

Initially, the court observes that the declaratory judgment sought is partially moot, because the parties have agreed and acknowledged that Smitty's never implemented the stock plans. Also, the declaratory judgment is directed solely to Hegna, and its resolution would thus not terminate this action.

Most importantly, the judgment sought is duplicative of the substantive legal claims. The central issue in this controversy is whether Smitty's entered into an enforceable agreement with Kelley and/or Hegna to establish certain stock plans and designate them as participants. Resolution of the breach of contract claims will resolve the issues raised in the declaratory judgment action. The declaratory judgment sought is therefore redundant and subject to dismissal.

With respect to Smitty's argument that the court should deny Hegna's request to dismiss the declaratory judgment claim, the court notes that this matter is now in an entirely different posture, presenting different considerations, than when this issue was previously raised, and these consolidated matters were pending in separate courts. At that juncture, the court's inquiry was focused on whether to exercise judicial discretion to issue declaratory relief given the pending Pennsylvania case. These considerations are no longer pertinent. Instead, all of the related actions are pending before this court, and Smitty's declaratory judgment claim is duplicative of the substantive claims. Accordingly,

**IT IS HEREBY ORDERED** that the **Motion to Dismiss Smitty's Supply, Inc.'s Declaratory Judgment Claim** (Rec. Doc. 244), filed by Lindsay Morgan Hegna, is **GRANTED**, and the declaratory judgment claim is dismissed.

New Orleans, Louisiana, this __8th__ day of March, 2019.

                **MARY ANN VIAL LEMMON**
                **UNITED STATES DISTRICT JUDGE**